IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 FEB 11  P 3: 28

CLERK'S OFFICE
AT BALTIMORE
_____ DEPUTY

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY | ) ) ) |
| v. | ) Civil Action No. CCB-02-1720 |
| MICHAEL WUGIN, et. al. | ) ) ) |

## MEMORANDUM

The defendants, Adobe Systems, Michael Schneyer, and Michael Wugin, have filed a motion to dismiss or stay this declaratory judgment act action pending the resolution of a suit in California state court. For the reasons discussed below, the motion to stay will be granted.

Factual Background

In the 1990s the individual defendants to this action, Michael Schneyer and Michael Wugin, operated Dallas Computers, Inc., a company which did business under a number of different names, selling computer software and hardware. While the precise identity of the insured is disputed, someone associated with Dallas Computers obtained a business insurance policy from the plaintiff, Hartford Casualty Insurance Company.

In March of 2000, the defendant Adobe Systems, Inc. ("Adobe") filed suit against Schneyer, Wugin, and Dallas Computers in the United States District Court for the District of Northern California. The complaint in that case ("the underlying action") stated causes of action under the Lanham Act, and for copyright infringement, trademark infringement, unfair competition and breach of license.

The defendants in the underlying action asked Hartford to defend them. Hartford responded with a letter on April 25, 2000 stating that it was investigating the claim, and

reserving its rights to deny coverage. In the summer of 2000 Dallas Computers filed for bankruptcy. Adobe obtained relief from the stay placed on the proceedings by the bankruptcy court to continue to prosecute the claim against Dallas Computers, provided Adobe execute any judgment obtained only against the proceeds of the Hartford insurance policy. On December 22, 2000, Hartford responded to the request for coverage from Dallas, Wugin, and Scheneyer with a 37-page letter stating that its preliminary conclusion was that coverage should be denied.

While settlement talks in the underlying litigation were ongoing, Hartford filed this action in May 2002 seeking declaratory relief as to the scope of its obligations under the policy.

In August of 2002, Adobe and the defendants in the underlying litigation entered into a settlement agreement which assigned to Adobe the rights of the defendants in the underlying action to pursue a claim against Hartford under the business insurance policy issued to Dallas.

Shortly after settlement of the underlying litigation was reached, Adobe, Wugin, and Schneyer brought an action against Hartford in state court in California ("the California action") seeking damages for breach of contract, breach of duties, and bad faith, and seeking declaratory relief. Adobe, Wugin, and Schneyer also asserted a conspiracy claim in the California action against a Hartford insurance agent, Jeff Tinney, and Hartford. Before the defendants in the California action had been served, Adobe, Wugin, and Schneyer filed the present motion to dismiss or stay this suit pending resolution of the 2002 suit in California.

Legal Framework

District courts have wide discretion in determining whether to exercise jurisdiction in a declaratory judgment action. Wilton v. Seven Falls Co., 515 U.S. 277, 286-90 (1995) (noting that the Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."). See also First Financial Ins. v. Crossroads Lounge, 140

F. Supp. 2d 686, 688-89 (S.D.W.Va. 2001).

The Fourth Circuit has established principles for a district court to follow in deciding whether to exercise its jurisdiction and hear a declaratory judgment action. First, a court should only hear a declaratory judgment action "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937).

If these two Quarles tests are satisfied, the court should then evaluate the "considerations of federalism, efficiency, and comity." Aetna Casualty & Surety Co. v. Ind-Com Electric Company, 139 F.3d 419, 423 (4th Cir. 1998). Prior to Wilton, the Fourth Circuit had announced four factors to guide district courts in their interpretation of the dictates of federalism, efficiency and comity. See United Capital Insurance v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998) (quoting Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994)). The "Nautilus factors" are

> "(1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of 'overlapping issues of fact or law' might create unnecessary 'entanglement' between the state and federal courts; and (4) whether the federal action is mere 'procedural fencing,' in the sense that the action is merely the product of forum-shopping."

Id. at 493-94 (citing Nautilus, 15 F.3d at 377). While these factors are not necessarily binding after Wilton, see Centennial Life Insurance Co. v. Poston, 88 F.3d 255, 257-58 (4th Cir. 1996); Gatewood Lumber, Inc. v. Travelers Indemnity Co., 898 F. Supp. 364, 368 (S.D.W.Va. 1995), they continue to provide useful guidance to the district court. Kapiloff, 155 F.3d at 493; Crossroads Lounge, 140 F. Supp. 2d at 690 n. 2.

Discussion

The defendants argue that this action should be stayed because only the California action can provide complete relief of all the issues in dispute. The California action, and not this action, contains claims for conspiracy, bad faith, and damages for breach of the insurance contract.

Hartford responds to this argument in two ways. First, it notes that this action would provide complete relief if the court determines that Hartford owes no duty under the policy to Wugin, Schneyer, or Dallas. Second, Hartford argues that complete relief could be obtained in this action if the defendants were to bring the claims in the California action as counter-claims in this suit, and that is sufficient for this court to exercise jurisdiction. The court will address each argument in turn.

First, Hartford appears to be correct that if this court determines no duty was owed under the policy to defend or indemnify in the underlying action, then this action would settle all the issues in dispute. The court cannot, however, simply assume that Hartford will prevail when determining if it should exercise jurisdiction. It is certainly possible that Hartford would not prevail in this action. If that happened, then the claims for damages for breach of contract and bad faith in the California action would need to be litigated in that case. Thus, Hartford's first argument cannot succeed.

Hartford next argues that because the remaining claims could be asserted here in a counter-claim,[1] the Fourth Circuit's opinion in Kapiloff suggests that this court should exercise

---

[1] The parties debate at some length whether the conspiracy claim against Mr. Tinney must fail as a matter of law, both in their briefs and in letters submitted to the court. Counsel for Hartford also advised the court, however, in a letter dated February 4, 2003, that Mr. Tinney would not object to the exercise of personal jurisdiction, if the claim was brought against him in this court. Thus, there does not appear to be a bar to pursuing the conspiracy count against Mr. Tinney in a counter-claim to this action.

jurisdiction. In Kapiloff, the Fourth Circuit affirmed a district court's exercise of jurisdiction in a declaratory judgment action where the issues in the underlying state court litigation had been brought as counter-claims. Kapiloff, 155 F.3d at 493-94. Kapiloff is distinguishable from this case, however, because the defendants here have not elected to bring their claims in Maryland, choosing instead to litigate them in the California action. In this regard, the present case is more like Poston. In Poston, the Fourth Circuit affirmed a district court's refusal to invoke jurisdiction where claims against a party in a state court action were not present in the declaratory judgment action. Poston, 88 F.3d at 258. Indeed, the court found the incompleteness of the relief available in the federal action so compelling that it justified dismissing the action when no other factor was present. Id. While it may be that Kapiloff establishes this court could exercise jurisdiction, it is clear in light of Poston and Wilton that the court also has discretion not to exercise jurisdiction. As the defendants in this action have chosen to litigate their claims against Hartford in California, where the original case was brought, this case may not provide complete resolution of the underlying controversy. Allowing this case to go forward would be an inefficient use of judicial resources, and indeed might be seen as "gratuitous interference" with a pending state court proceeding. Poston, 88 F.3d at 257 (quoting Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 495 (1942)). The court, therefore, declines to exercise jurisdiction.

**Remaining Nautilus factors**

It is worth noting that, as in Poston, the other Nautilus factors in this case are inconclusive, or suggest that jurisdiction is not proper.

*State Interest*

The state interest contemplated by this Nautilus factor is an interest in having the law of a state interpreted in a forum which is best able to apply that state's law for Erie reasons.

Mitcheson v. Harris, 955 F.2d 235, 237-38 (4th Cir. 1992) ("As was well established by Erie and its progeny, state law ordinarily provides the rule of decision in pure diversity cases. There exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case.").

This interest is most significant when the issues involved are novel or "likely to break new ground." Kapiloff, 155 F.3d at 494. See also Poston, 88 F.3d at 258 ("[A]lthough only state law is at issue, the relevant state law is not problematic or difficult to apply, which weakens somewhat the state's interest in having these issues decided in state court."). The interpretation of the insurance policy in this action is unlikely to turn on a novel question of law, regardless of whether California or Maryland law applies. As a result, this factor does not favor either side.[2]

*Entanglement between state and federal courts*

The concern about entanglement turns on what preclusive effect the declaratory judgment action will have on the state action. Continental Casualty Co. v. Fuscardo, 35 F.3d 963, 968 (4th Cir. 1994); Mitcheson, 955 F.2d at 239-40. Here, any result in this action will have a significant preclusive effect in the state court action only if Hartford wins. Because the court cannot assume the merits of the suit in deciding this motion, there is no showing of excessive entanglement. Therefore, this factor is inconclusive.

*Procedural Fencing*

While both parties have made allegations of procedural fencing, the court does not have sufficient evidence to conclude that either party is engaged in the kind of forum-shopping this

---

[2] At the January 23, 2003 hearing, counsel for the defendants argued that there is a novel issue of California law, the choice of law question for the insurance contract. The court does not decide whether this is correct. Even if it is, this would only be a further reason to decline jurisdiction.

factor seeks to discourage. For that reason, this factor also is inconclusive.

Conclusion

The various factors articulated by the Supreme Court and the Fourth Circuit, particularly the interest in avoiding piecemeal litigation, support the court's decision not to exercise jurisdiction. The Supreme Court has counseled that a stay is a better course of action than a dismissal, because "it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton, 515 U.S. at 288 n. 2. Therefore, the court will grant the defendants' motion, and stay this action, pending resolution of the case in California state court.

A separate Order follows.

\_\_2/11/03_____
Date

_____
Catherine C. Blake
United States District Judge